SAMUEL Y. EDGERTON (CA Bar No. 127156)
sedgerton@ohaganmeyer.com
PATRICK Y. YOO (CA Bar No. 302282)
pyoo@ohaganmeyer.com
**O'HAGAN MEYER, LLC**
1601 Pacific Coast Highway, Suite 290
Hermosa Beach, CA 90254
Tel: (949) 942-8500 | Fax: (949) 942-8510

Attorneys for Defendants Parcel Pending, Inc. and Lori Torres

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ALLIED TREND INTERNATIONAL, LTD., a Hong Kong limited liability company; and CHERRY JIANG, an individual,

Plaintiffs,

v.

PARCEL PENDING, INC., a Delaware Corporation; LORI TORRES, an individual, and DOES 1-100, inclusive,

Defendants.

CASE NO. 8:19-cv-00078-AB-JDE

**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE #1 TO EXCLUDE EVIDENCE AND REFERENCE TO DISMISSED CAUSES OF ACTION**

Trial: March 16 – 19, 2021
FPTC: February 26, 2021
Time: 11:00 a.m.
Courtroom: 7b

Judge: Hon. Andre Birotte Jr.
Courtroom: 7B

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants Parcel Pending, Inc. and Lori Torres (collectively, "Defendants"), through their undersigned counsel, on February 26, 2021 at 11:00 a.m. in Courtroom 7B of the United States District Court for the Central District of California located at 350 West First Street, Los Angeles, CA 90012, or at such other time and place as the Court may direct, will and hereby do, move *in limine* pursuant to Federal Rules of Evidence 401, 402 and 403 to exclude any evidence, argument, or other reference at trial by Plaintiffs Allied Trend International Ltd. and Cherry Jiang (collectively, "Plaintiffs") to any evidence, testimony, or argument relating to causes of action dismissed from this action since the filing of the First Amended Complaint ("FAC"). These causes of action are: (1) fraudulent deceit; (2) breach of implied contract; (5) intentional interference with contract; (6) misappropriation of trade secrets; and (7) intentional infliction of emotional distress.

This Motion is based on this Notice of Motion and Motion, the Declaration of Samuel Y. Edgerton filed concurrently under separate cover, the records and files of this Court, the arguments presented by counsel at the hearing, and any other matter of which the Court may take judicial notice.

DATED: February 5, 2021

**O'HAGAN MEYER, LLC**

By: *<u>/s/ Samuel Y. Edgerton</u>*
Samuel Y. Edgerton, III, Esq.
Patrick Y. Yoo, Esq.
Attorneys for Defendants,
Parcel Pending, Inc. and Lori Torres

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants Parcel Pending Inc. ("Parcel Pending") and Lori Torres ("Ms. Torres") (collectively, "Defendants") move this Court for an order *in limine* precluding Plaintiffs Allied Trend International Ltd. ("Allied"), and Cherry Jiang ("Ms. Jiang") (collectively, "Plaintiffs") from presenting at trial any evidence relating to causes of action dismissed from the First Amended Complaint ("FAC"), either by motions to dismiss (ECF No. 33) or summary judgment (ECF No. 71). By way of partial motion to dismiss, the Court dismissed the first, second, and seventh causes of action (fraudulent deceit, implied contract, and intentional infliction of emotional distress ("IIED")). (ECF No. 33). By summary judgment, the Court dismissed the fifth and sixth causes of action (intentional interference with contract, and misappropriation of trade secrets). (ECF No. 71). As a result of the foregoing motions, the only surviving causes of action are the following:

1. Breach of written contract, specifically on the grounds that Defendants supposedly breached the MSA by failing to pay for Orders R, S and T in full; and
2. Breach of the implied covenant of good faith and fair dealing, specifically on the grounds that Defendants purportedly purchased products from SNBC and other Chinese manufacturers.

Accordingly, Plaintiffs should be precluded from presenting evidence, testimony, or argument on, or even referencing, (1) the fact that Plaintiffs had previously brought additional claims against Defendants; (2) the conduct alleged in support of Plaintiffs' fraudulent deceit claim; (3) the conduct alleged in support of Plaintiffs' breach of implied contract claim, including any argument or reference to the provision of projections as providing a basis for contract recovery;[1] (4) Plaintiffs'

[1] In the Court's Order regarding Defendants' partial motion to dismiss (ECF No. 33), in dismissing the implied contract cause of action, the Court expressly found that any argument relating to projections as a basis for contract recovery

alleged trade secrets, or the supposed misappropriation thereof; (5) the conduct alleged in support of the dismissed IIED claim

These claims having been dismissed, this motion *in limine* is proper and warranted under the "law of the case" doctrine. Permitting evidence, argument, or reference to these dismissed causes of action serves no purpose to the determination of the surviving claims, and in fact poses significant prejudice to confuse the jury with facts and information with no bearing on the surviving claims. The only purpose served by reference to these dismissed causes of action is to prejudice the Defendants and paint them in a negative light based on unproven and irrelevant allegations.

Therefore, Defendants respectfully request that the Court grant Defendants' Motion in Limine #1 to exclude all reference to the five dismissed causes of action in the FAC.

## II. LEGAL STANDARD

Federal Rules of Evidence ("FRE"), Rule 103(d) provides in relevant part that: "[i]n jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means." FRE Rule 402 allows the court to exclude irrelevant evidence, and FRE Rule 403 permits the court to exclude even relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The District Court may limit evidence to proof that is legally relevant. *United States v. Komisaruk*, 885 F.2d 490, 495 (9th Cir. 1989). Evidence which has no probative value with respect to any issue, including credibility, is not admissible, and the trial judge has the function and duty to exclude

would contradict the express terms of the written contract, which cover the same subject matter, but imposes no such obligation relating to projections.

such evidence from consideration of the jury. *United States v. Higgins*, 362 F.2d 462, 464 (7th Cir. 1966).

Moreover, under the law of the case doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *U.S. v. Cuddy,* 147 F.3d 1111, 1114 (9th Cir.1998). Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit. 18 Charles A. Wright, et al. *Federal Practice and Procedure*, §4478 at 788; *see also Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988) (citing 1B J. Moore, et al., *Moore's Federal Practice*, ¶0.404[1] at 118)(the law of the case doctrine "promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'").

In ruling on a motion *in limine*, the court should shape its order to exclude not only the entry of the evidence itself, but any reference to the evidence at any stage of the trial. See *Charbonneau v. Superior Court*, 42 Cal.App.3d 505, 116 Cal. Rptr. 153 (2d Dist. 1974).

## III. ARGUMENT

Plaintiffs should not be permitted to introduce evidence relating to causes of action dismissed pursuant to Defendants' Rule 12(b)(6) Motion to Dismiss (ECF No. 33) and Summary Judgment Motion (ECF No. 71), on the grounds that such evidence is inadmissible as irrelevant to the determination of the surviving causes of action. Moreover, permitting this evidence serves no purpose but to prejudice Defendants and confuse the jury in by causing them to have to sift through evidence and argument that have no bearing on the claims for which they will act as factfinders. In its ruling on Defendants' Motion to Dismiss, this Court dismissed the First Amended Complaint's ("FAC") First, Second, and Seventh Causes of Action, for Fraudulent Deceit, Breach of Implied Contract, and IIED, respectively. See Order Regarding

Defendants' Motion to Dismiss First Amended Complaint (ECF No. 33). In its ruling on Defendants' Motion for Summary Judgment, this Court granted summary judgment as to the FAC's Fifth and Sixth Causes of Action, for Intentional Interference with Contract and Misappropriation of Trade Secrets, respectively. See Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment (ECF No. 71). The Summary Judgment Order also partially granted Defendant's Motion for Summary Judgment as to Plaintiffs' Third Cause of Action for Breach of Written Contract and Fourth Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing. *Id.* Grounds for exclusion of evidence in support of these two Causes of Action upon grounds that were the subject of the Court's partial grant of summary judgment are separately address in Defendants' concurrently filed Motion in Limine #2.

In light of the Court's prior dismissal of these causes of action, which is now law of the case, permitting Plaintiffs to present evidence thereon would not only unnecessarily lengthen the trial, but result in the jurors being inundated with information that ultimately would be irrelevant to the determination of the surviving causes of action. More importantly, Defendants will be significantly prejudiced if Plaintiffs are permitted to present this evidence as Plaintiffs will inevitably look to create a negative impression of Defendants for the jury based on evidence having no relationship to surviving causes of action.

### A. Fraudulent Deceit (First Cause of Action)

Plaintiffs' Fraudulent Deceit Cause of Action is premised on the allegation that Defendants intentionally concealed their intent to terminate in or about mid-2018 and submitted knowingly misleading and inflated Q3 and Q4 order projections to induce Plaintiffs to continue to perform under the Supply Agreement to their detriment. The Court dismissed this Cause of Action as insufficiently pled, failing to state a claim

upon which relief may be granted. Accordingly, Plaintiffs must be precluded from introducing at trial any evidence purporting to have any probative value in determining the now moot issue of whether Defendant Parcel Pending's 2018 Q3 or Q4 order projections constituted misrepresentations, or Defendants' motives or intent in arriving at the figures used in the 2018 Q3 and Q4 projections. These questions are now irrelevant and any allusion thereto would be inadmissible on that basis, and moreover prejudicial to Defendants.

**B. Breach of Implied Contract (Second Cause of Action)**

Plaintiffs' Breach of Implied Contract Cause of Action alleges the existence of an implied contract arising from the course of performance between the parties under the Supply Agreement of utilizing quarterly order projections. The Court dismissed this Cause of Action as failing to state a claim distinct from Plaintiffs' Breach of Contract claim. Accordingly, Plaintiffs may not be permitted to present any evidence in support of the proposition that Defendants owed Plaintiffs any duties arising under some implied contract independent from the terms of the Supply Agreement, including the proposition that Plaintiffs relied on any provided projections to their detriment.

**C. Intentional Interference with Contract (Fifth Cause of Action)**

Plaintiffs' Intentional Interference with Contract Cause of Action is predicated on allegations that Defendants learned of the contractual supplier relationship between SNBC and Allied and thereupon sought to interfere with their contract by ordering systems directly from SNBC that theretofore were ordered through Allied. Moreover, Plaintiffs allege that Parcel Pending divulged Allied's confidential or proprietary information to SNBC. In ruling on Defendants' Motion for Summary Judgment, the Court found insufficient evidence to support a genuine issue of material fact as to either the intent or causation element of the Intentional Interference with Contract claim. Accordingly, Plaintiffs must be precluded from introducing

evidence at trial that speaks to any intent by Defendants to interfere with Allied's relationship with SNBC, including the disclosure of any confidential information for that purpose. Likewise, Plaintiffs must not be permitted to put on evidence purporting to support the notion that Defendants' dealings with SNBC in any way caused a deterioration in the relationship between Allied and SNBC, including any changes in pricing as between those two parties.

**D. Misappropriation of Trade Secrets (Sixth Cause of Action)**

Plaintiffs' Misappropriation of Trade Secrets Cause of Action is premised on allegations that Defendants learned of Plaintiffs' confidential information, i.e. Allied's "unique designs used to create the locker Systems" consisting of software and hardware components (FAC, ¶¶ 9-10), acquired access to the confidential information by improper means, and used the confidential information without Allied's express or implied consent, damaging Allied. Allied also separately has argued that the identity of SNBC as Allied's supplier was also a trade secret.

The Court in its ruling on Defendants' Motion for Summary Judgment found unavailing Plaintiffs' argument that Defendants improperly obtained the identity of SNBC for a wrongful use and purpose. The Court also ruled that Allied was unable to proffer any direct evidence that Parcel Pending provided Allied's source code to SNBC. Given that the Court did not find a triable issue of material fact on either grounds for the Misappropriation of Trade Secrets claim, Plaintiffs must be precluded from offering any evidence at trial tending to support any element of Plaintiffs' mooted trade secrets claim, including that Defendants improperly acquired, disclosed, or used either of Plaintiffs' trade secrets in an improper or illegal manner, or that Plaintiffs were damaged by any such conduct.

**E. Intentional Infliction of Emotional Distress (Seventh Cause of Action)**

Finally, Plaintiffs' Intentional Infliction of Emotional Distress Cause of Action is grounded in certain communications from Ms. Torres to Ms. Jiang between 2017 and 2018, allegedly relating to Ms. Torres' intent to tarnish Ms. Jiang's professional reputation, impair Plaintiffs' relations with SNBC and other PRC companies, and otherwise cause Ms. Jiang stress and emotional distress. The Court dismissed this Cause of Action as insufficiently pled, failing to state a claim upon which relief may be granted. Accordingly, Plaintiffs must be precluded from introducing as evidence any of such communications for their probative value in establishing any element of Plaintiffs' now mooted IIED claim, including that Ms. Torres acted recklessly or with the intent to cause Ms. Jiang emotion distress, or that Ms. Jiang was in any way damaged by Ms. Torres' communications cited in the FAC in support of this Cause of Action.

## IV. CONCLUSION

Defendants respectfully request that the Court grant this Motion in its entirety, precluding Plaintiffs from introducing any evidence put forth for its probative value in establishing the elements of any of Plaintiffs' dismissed Causes of Action, those being the First, Second, Fifth, Sixth, and Seventh Causes of Actions in Plaintiffs' First Amended Complaint, on the grounds that such evidence is inadmissible as irrelevant under Federal Rules of Evidence, Rule 402.

DATED: February 5, 2021

**O'HAGAN MEYER, LLC**

By: *_/s/ Samuel Y. Edgerton_*
Samuel Y. Edgerton, III, Esq.
Patrick Y. Yoo, Esq.
Attorneys for Defendants,
Parcel Pending, Inc. and Lori Torres